IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL S. BRINEGAR, ) | |
| on behalf of C.M.W.B., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:11-CV-03192-BCW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff's brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #14) and Defendant's brief in support of the Commissioner's decision (Doc. #15).

This matter involves an appeal of the final decision of the Commissioner denying Michael S. Brinegar's application, filed on behalf of his minor son, for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* ("Act"). The Court may review the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The Court must determine whether the Commissioner's finding that Plaintiff was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citations omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg, 615 F.3d at 638.

## BACKGROUND

Plaintiff filed an application for supplemental security income disability benefits under Title XVI of the Act on April 15, 2008. Plaintiff's application initially alleged a disability onset

1

date of September 7, 1995, but was subsequently amended to reflect an April 15, 2008 onset date. The Social Security Administration ("SSA") initially denied Plaintiff's claims and issued a Notice of Disapproved Claims. On August 25, 2008, Plaintiff appealed this decision and filed a timely written Request for Hearing by Administrative Law Judge.

On March 29, 2010, a hearing was held before Administrative Law Judge Kenton Fulton ("ALJ"). On April 12, 2010, the ALJ rendered a decision denying Plaintiff's claim for benefits under the three-step sequence for childhood disability evaluation. 20 C.F.R. § 416.924a (2011). The ALJ's findings were as follows: Plaintiff had not engaged in substantial gainful activity since April 15, 2008, Plaintiff suffered from Asperger's Disorder, attention deficit hyperactivity disorder, and non-severe anxiety disorder, and Plaintiff's impairments did not medically or functionally equal any listed impairment. 20 C.F.R. pt. 404, subpt. p, app.1 (2012).

Plaintiff filed a timely Request for Review of Hearing Decision with the Appeals Council of the SSA on June 1, 2010. On April 20, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the ALJ's decision is adopted as the Commissioner's final decision.

## ANALYSIS

The Court disagrees with Plaintiff and finds the ALJ's determination that Plaintiff's impairments did not functionally equal a listed impairment was supported by substantial evidence based on the record as a whole.

The three-step sequential evaluation process for a childhood disability determination requires Plaintiff to show the following: (1) he was not performing substantial gainful activity; (2) he has a severe impairment or combination of impairments; and (3) Plaintiff's impairments medically or functionally equal the severity of an impairment in the applicable listings. 20 C.F.R.

§ 416.924(a) (2011). To establish functional equivalence, a child must have a medically determinable impairment or combination of impairments resulting in either a marked limitation in two domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a (2011). The six applicable domains are (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi) (2011). "Marked" is defined as "more than moderate," but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i) (2011). If a child suffers an impairment that interferes seriously with his ability to independently initiate, sustain, or complete activities, this impairment is considered a marked limitation. 20 C.F.R. § 416.926a(e)(2)(i) (2011).

In determining Plaintiff did not suffer an impairment or combination of impairments that functionally equaled a listed impairment, the ALJ was responsible for consideration of objective medical evidence, other relevant evidence from medical sources, information from teachers and family members, statements from Plaintiff and Plaintiff's caregivers, and any other relevant evidence of record. 20 C.F.R. § 416.924a(a) (2011); SSR 09-2p. The ALJ considered Plaintiff's school and medical records, the opinion of Dr. England who testified at Plaintiff's hearing, statements of Plaintiff's father, the opinion of evaluating psychologist Dr. Hollis, the opinions of Dr. Smith, Dr. Lawhead, and Dr. Conway, and state agency examining doctors, Drs. McRoberts and Bergmann-Harms, and questionnaires completed by two of Plaintiff's teachers. After such consideration, the ALJ concluded Plaintiff does not suffer an impairment or combination of impairments that result in a marked limitation in two domains of functioning or an extreme limitation in one domain.

### A. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 1: Acquiring and Using Information is supported by substantial evidence

Substantial evidence on the record as a whole supports the ALJ's conclusion that Plaintiff does not suffer a marked or extreme limitation in the functional domain of acquiring and using information. This domain involves how well a child perceives, uses, and remembers information at home, school, and in the community. 20 C.F.R. § 416.926a(g) (2011); SSR 09-3p. Adolescents are expected to demonstrate a grasp of concepts learned in academic assignments, be able to apply what has been learned in practical ways, and be able to comprehend and convey complex information. 20 C.F.R. § 416.926a(g)(2)(v) (2011); SSR 09-3p. Limited functioning in this domain may include inability to understand abstract words, age-inappropriate grasp of language, or lack of readiness skills compared to peers. 20 C.F.R. § 416.926a(g)(3) (2011); SSR 09-3p.

Here, the ALJ correctly concluded, based on Plaintiff's good grades, Plaintiff's father's testimony, and Dr. England's testimony, Plaintiff suffers no limitation in acquiring and using information.

Plaintiff suggests the evidence relied on by the ALJ indicates a lack of understanding of Plaintiff's diagnoses and posits Plaintiff's grades, IQ score, and memorization skills are not relevant to the inquiry of Plaintiff's impairments as a person who has been diagnosed with Asperger's Disorder. Plaintiff concedes some evidence of record exists to support the ALJ's finding of no limitation in this domain, but disputes the reliance on Dr. England's opinion and the manner in which Dr. England relied on the questionnaires completed by Plaintiff's teachers.[1] Plaintiff also disputes the ALJ's reliance on Dr. England's opinion over that of evaluating psychologist Dr. Hollis who opined Plaintiff suffered a marked limitation in acquiring and using information.

---

[1] In his brief, Plaintiff states the method by which Dr. England considered the teacher questionnaires was "unsound and unsupportable," but does not cite any law for this claim.

The Court disagrees with Plaintiff's suggestion and finds the ALJ's conclusion of no limitation in this domain is supported by substantial evidence on the record as a whole. A court should disturb an ALJ's decision only if the decision falls outside the "zone of choice." Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006). A decision is not outside the zone of choice simply because evidence exists in the record to support the opposite conclusion. Hacker, 459 F.3d at 936.

In evaluating and assigning weight to medical sources, the SSA considers the following factors: (1) whether the medical source has examined Plaintiff; (2) whether the source has a treating relationship with Plaintiff; (3) whether the source cited relevant medical signs supporting the opinion; (4) whether the source is a specialist in a relevant field; and (5) whether the source's opinion is consistent with the overall record of medical evidence. 20 C.F.R. § 416.927(c) (2012). If a medical opinion is inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord the opinion less weight. Travis v. Astrue, 477 F.3d 1037, 1041 (8th Cir. 2007).

Here, because Dr. Hollis is a licensed psychologist who evaluated Plaintiff on two occasions and who produced findings supported by specific observations citing results of testing administered, the ALJ could have afforded significant weight to Dr. Hollis's opinion. However, the ALJ also considered that Dr. Hollis only saw Plaintiff twice in a consultative capacity and did not form a treating relationship with Plaintiff. Moreover, the ALJ found Dr. Hollis's opinion was inconsistent with the overall medical record evidence. For example, Dr. Hollis's opinion presents a more severe report of Plaintiff's functioning than any other medical source. To the contrary, Dr. England found Plaintiff suffers no limitation in acquiring information. Further, Dr. Hollis's opinion is inconsistent with the two teachers' reports of Plaintiff's daily behavior. Also, record evidence indicates that while Plaintiff suffers from Asperger's Disorder and attention

deficit hyperactivity disorder, the symptoms of these issues are responsive to Plaintiff's prescribed medications. Impairments that are amenable to treatment do not support a finding of total disability. Hutton v. Apfel,175 F.3d 651, 655 (8th Cir. 1999). For these reasons, Dr. Hollis's opinion of a marked limitation in this domain is inconsistent with the overall record medical evidence and the ALJ's finding that Plaintiff suffers no limitation in acquiring and using information is supported by substantial evidence based on the record as a whole.

## B. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 2: Attending and Completing Tasks is supported by substantial evidence

Substantial evidence on the record as a whole supports the ALJ's conclusion that Plaintiff has less than a marked limitation in attending and completing tasks. The domain of attending and completing tasks includes a child's ability to maintain attention, perform activities, avoid impulsive thinking, prioritize tasks, and manage time. 20 C.F.R. § 416.926a(h) (2011); SSR 09-4p. An adolescent without an impairment is expected to be able to pay attention and maintain concentration for extended period, be able to plan and finish long-term projects, and be able to function in a school or work setting without undue distraction. 20 C.F.R. § 416.926a(h)(2)(v) (2011); SSR 09-4p. A child with some, though not necessarily marked or extreme, limitation in attending and completing tasks may experience distraction by or overreaction to everyday stimuli, delayed focus or an inability to complete activities, frequent interruptions in concentration, frequent frustration, or an inability to organize or manage time. 20 C.F.R. § 416.926a(h)(3); SSR 09-4p.

Here, the ALJ found Plaintiff has less than a marked limitation in attending and completing tasks after considering Dr. England's testimony and the reports of Plaintiff's teachers that Plaintiff sometimes struggled to pay attention. Plaintiff suggests the ALJ's reliance on Dr.

6

England's opinion is misplaced because the opinion is based on his own interpretation of Plaintiff's teachers' questionnaires.

The Court finds the ALJ's findings are consistent with the record as a whole. Dr. England formed his opinion based on the objective overall record. Plaintiff's teachers and Drs. Hollis, McRoberts, and Bergmann-Harms acknowledged Plaintiff has some functional limitation in this domain.

However, based on the totality of evidence, the ALJ properly found Plaintiff suffered a less than marked limitation. For example, Plaintiff's symptoms related to Asperger's Disorder and attention deficit hyperactivity disorder are reportedly amenable to prescribed medications and allow him to function without limiting symptoms or side effects. See Hutton, 175 F.3d at 655. Plaintiff earns consistently good grades, completes household chores, arrives to school on time, and has friends his own age. Based on the record as a whole, the ALJ properly discounted Dr. Hollis's opinion that Plaintiff suffered a marked limitation in attending and completing tasks because this finding is inconsistent with the overall record evidence. See Travis, 477 F.3d at 1041. Furthermore, even if the record evidence supported a finding of a marked limitation in this domain, Plaintiff does not have a marked or extreme limitation in any other functional domain such that a finding of disability for Plaintiff would be appropriate. Therefore, substantial evidence on the record as a whole supports the ALJ's conclusion of a less than marked limitation in attending and completing tasks.

**C. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 3: Interacting and Relating to Others is supported by substantial evidence**

Substantial evidence on the record as a whole supports the ALJ's finding that Plaintiff suffered a less than marked limitation in the domain of interacting and relating to others. This domain relates to all social interaction, including communication skills. 20 C.F.R. § 416.926a(i)

(2011); SSR 09-5p. An adolescent without impairment should be able to develop friendships and relate appropriately to children and adults, both individually and in groups. 20 C.F.R. § 416.926a(i)(2)(v) (2011); SSR 09-5p. Some examples of limited functioning, though not necessarily indicative of a marked or extreme limitation, include a lack of close friends of the claimant's same age, a tendency to avoid people, anxiety associated with new people or experiences, or difficulties with verbal or nonverbal communication. 20 C.F.R. § 416.926a(i)(3) (2011); SSR 09-5p.

Here, the ALJ considered statements from Plaintiff's father which indicated that while Plaintiff has some trouble in groups of children, Plaintiff has friends his own age, can make new friends, and generally gets along with adults. Plaintiff suggests the ALJ failed to consider the full record related to this domain. The Court disagrees. While there exists evidence of record to indicate Plaintiff may have some issues in this domain, the Court will defer to the ALJ's determination regarding credibility of testimony, as long as the determination is supported by good reasons and substantial evidence. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Because there exists substantial evidence of record that suggests Plaintiff suffers a less than marked limitation in this domain, the Court will not disturb the ALJ's finding.

In addition to Plaintiff's father's statements, his teachers reported Plaintiff had no serious problems in this domain and Dr. England opined Plaintiff had a less than marked limitation in interacting and relating with others. Though Dr. Hollis opined Plaintiff had an extreme limitation in this domain, it seems the ALJ considered this assessment and determined it was entitled to little weight because Dr. Hollis's opinion was inconsistent with the record. See Travis, 477 F.3d at 1041. The ALJ properly considered the entire record in concluding Plaintiff suffered a less

than marked limitation in the domain of interacting and relating with others. Therefore, substantial evidence based on the record as a whole supports the ALJ conclusion in this domain.

### D. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 4: Moving About and Manipulating Objects is supported by substantial evidence

Substantial evidence on the record as a whole supports the ALJ's conclusion that Plaintiff does not suffer a marked or extreme limitation in the functional domain of moving about and manipulating objects. Moreover, Plaintiff's brief does not dispute the ALJ's conclusion of no limitation in this domain.

This domain considers how well a child is able to move his body and objects. 20 C.F.R. § 416.926a(j) (2011); SSR 09-6p. An adolescent should be able to move freely and exhibit mature fine motor skills. 20 C.F.R. § 416.926a(j)(2)(v) (2011); SSR 09-6p. Here, there is no objective evidence to suggest Plaintiff suffers any significant physical functional limitation. Therefore, the substantial evidence based on the record as a whole supports the ALJ conclusion in this domain.

### E. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 5: Caring for Yourself is supported by substantial evidence

Substantial evidence on the record as a whole supports the ALJ's conclusion that Plaintiff suffers a less than marked limitation in his ability to care for himself. As above, Plaintiff's brief does not dispute the ALJ's conclusion of a less than marked limitation in this domain.

This domain considers how well a child maintains a healthy emotional and physical state, including coping with stress and change. 20 C.F.R. § 416.926a(k) (2011); SSR 09-7p. An adolescent should be increasingly independent in all day-to-day activities and should maintain personal hygiene, as well as take medications as prescribed. 20 C.F.R. § 416.926a(k)(2)(v) (2011); SSR 09-6p. Here, the ALJ considered Plaintiff's father's statements that Plaintiff is mostly able to take care of his own personal hygiene, but requires help with medication

management. Therefore, the substantial evidence based on the record as a whole supports the ALJ conclusion in this domain.

### F. ALJ's Finding that Plaintiff did not suffer a marked limitation in Domain 6: Health and Physical Well-Being is supported by substantial evidence

Substantial evidence on the record as a whole supports the ALJ's conclusion that Plaintiff suffers a less than marked limitation in health and physical well-being. Once again, Plaintiff's brief does not dispute the ALJ's conclusion of a less than marked limitation in this domain.

This domain considers the cumulative effects of Plaintiff's impairments, including recurrent health issues and medication side effects. 20 C.F.R. § 416.926a(l) (2011); SSR 09-8p. Here, the ALJ considered Plaintiff's medical diagnoses of Asperger's Disorder and attention deficit hyperactivity disorder, Plaintiff's need for regular medical care and psychoactive medication, and evidence indicating Plaintiff's prescribed medications help his symptoms and cause no side effects. Therefore, the substantial evidence based on the record as a whole supports the ALJ conclusion in this domain.

## CONCLUSION

The Court therefore finds in this matter the Commissioner's determination that Plaintiff is not disabled was supported by substantial evidence based on the record as a whole.

IT IS HEREBY ORDERED, pursuant to Section 405(g), the Commissioner of Social Security's determination is AFFIRMED.

IT IS SO ORDERED.

DATED: <u>September 17, 2012</u>         /s/ Brian C. Wimes
                                                          JUDGE BRIAN C. WIMES
                                                          UNITED STATES DISTRICT COURT